# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**MARY WOOD**      **PLAINTIFF**

**V.**      **CASE NO 3:06CV140**

**RIH ACQUISITIONS MS II, LLC;**
**and VARIOUS JOHN AND JANE**
**DOE DEFENDANTS**      **DEFENDANTS**

## ORDER

This cause comes before the court on RIH's ("Bally's") motion [68] for summary judgment. The plaintiff has responded in opposition and this court is prepared to rule.

Mary Wood ("Wood") traveled to Bally's Casino in Tunica, Mississippi on or about January 7, 2006. Ms. Wood arrived in a vehicle with her son and daughter-in-law. The vehicle was driven into a covered porte-cochere in the front of the casino. The road was marked by reflective lane dividers measuring approximately four and one-half inches long, two and one-fourth inches wide, and five-eights of an inch tall. The reflectors were spaced roughly one and one-half feet apart. Bally's contends that these reflectors were installed for aesthetic purposes as well as to guide vehicles through the porte-cochere.

Wood alleges that as she exited her vehicle under the porte-cochere she tripped on a reflector and fell to the ground, which resulted in a broken hip and a broken elbow. Wood has maintained that her injuries were caused by the defendant's negligence in failing to maintain reasonably safe premises, creating a hazardous condition on the premises, knowingly placing obstructions in a walkway known to be used by pedestrians, and failing to properly warn patrons dangers created by the obstructions.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. V. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson V. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Bally's contends that Wood has failed to demonstrate the presence of unreasonably dangerous conditions on Bally's premises or that it had a duty to warn. Both parties acknowledge that Wood was a business invitee of Bally's Casino. An invitee is a person who goes upon the premises of another in answer to an express or implied invitation of the owner or occupier for their mutual advantage. *Lucas v. Buddy Jones Ford Lincoln Mercury, Inc.*, 518 So.2d 646, 647 (Miss. 1988). An owner owes a business invitee the duty of exercising reasonable care to keep the premises in a reasonably safe condition. *Lindsey v. Sears Roebuck and Co.*, 846 F.Supp. 501, 505 (S.D. Miss. 1993). An owner also has a duty to warn invitees of dangerous conditions which are not apparent to the invitee, of which the owner or occupier knows or should know through the exercise of reasonable care. *Id*. Where the invitee knows or should know of an apparent danger, no warning is required. *Tate v. Southern Jitney Jungle Co.*, 650 So.2d 1347, 1350 (Miss. 1995)(quoting *Wilson v. Allday*, 487 So.2d 793, 795 (Miss. 1986)).

The Mississippi Supreme Court has made it clear that an owner has two duties, to keep the premises safe *and* to warn of hidden dangers. *Mayfield v. The Hairbender*, 903 So.2d 733, 738 (Miss. 2005). It cannot reasonably be argued that the reflectors in the porte-cochere were hidden and required Bally's to warn customers of their presence. Reflectors, by their very nature, are designed to catch and reflect light in order to be noticed by those who encounter them. The reflectors in question acted as guides to direct vehicles through the porte-cochere. As such, this court now turns to the question of the reasonable safety of the premises.

An owner is not absolved of the responsibility to keep premises reasonably safe just because a danger is open and obvious. *Id* at 738. In *McGovern v. Scarborough*, the Mississippi Supreme Court affirmed a directed verdict in favor of a defendant stating:

> According to Scarborough, he raised the threshold three-quarters of an inch. A person entering the building from the sidewalk through this door was obliged to step up two to three inches in any event. By any stretch of the imagination can it be said that the entrance to this building was not *reasonably* safe? And, it is impossible to envision this doorway as creating a *danger* of some kind, in some way different from thousands of like doorways. Moreover, it was open and obvious.

566 So.2d 1225, 1228 (Miss. 1990) (emphasis in original).

Similarly, the plaintiff has not demonstrated that the reflectors in the porte-cochere caused the porte-cochere to be unreasonably safe, or that their presence as guides through the porte-cochere differed in any way from their traditional use on other roadways. At best, a patron is required to step over or around reflectors measuring five-eights of an inch in height and spaced one and one half feet apart. The Mississippi Supreme Court has repeatedly held that though an owner must meet the duties owed to business invitees, an owner is not an insurer of the invitee's safety. *Id.* Therefore, the defendant's motion [68] for summary judgment must be GRANTED. This cause is now closed.

This the 11th day of December, 2007.

                                          **/s/ MICHAEL P. MILLS**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**